## Shelko v. Dolinar
*[Cite as 4 AOA 485]*

*Case No. 88-L-13-61*
*Lake County, (11th)*
*Decided June 29, 1990*

*Yale A. Barkan, 2920 Bridge Avenue, Cleveland, Ohio 44113, for Plaintiffs-Appellees.*

*T. Michael Billson, 4068 Clark Avenue, Willoughby, Ohio 44094, for Defendant-Appellee, Earl E. Dolinar.*

*David P. Freed, 30 South Park Place, P. O. Box 920, Painesville, Ohio 44077, for Defendants-Appellants, Theresa Manjas and Danilo Manjas.*

MAHONEY, J.

The parties have agreed and stipulated to the facts, which are as follows. The plaintiffs-appellees, Gerald F. Shelko, Geraldine C. Macala and Cecilia Shelko, listed property for sale through Leo Bauer Realty. On November 21, 1983 defendant-appellee, Earl E. Dolinar, made a written offer, with addendum, through Leo Bauer Realty, to purchase the property for $30,000. The plaintiffs signed the "Purchase Agreement," with addendum, on December 2, 1983. The addendum stated that the offer was subject to acceptance by buyer's partner. Sometime after December 2, 1983, defendant-appellant, Theresa Manjas, signed the addendum as one of the buyers.

The property deed from the plaintiffs showed an undivided one-half interest in Dolinar, an undivided one-fourth interest in Theresa Manjas

and an undivided one-fourth interest in Danilo Manjas.

The defendants sold the property to third parties, Emil and Eleanor Galinac, for $38,000. The proceeds of the sale were received in two separate checks by Mandol Properties, a partnership comprised of the three defendants and the three defendants, individually.

The plaintiffs-appellees filed a complaint on August 31, 1987, alleging that defendants breached the contract of sale and purchase by failing to pay according to the terms and that defendants engaged in s scheme to defraud the plaintiffs by taking title to the property, reselling it for profit, and then refusing to pay the property. The purchase agreement with addendum was in default with $15,125 due, plus interest at ten percent per annum from October 1, 1986. Defendant-Appellee Dolinar confessed judgment on plaintiffs' claim, and by stipulation the fraud claim was dismissed against him.

By agreement, jury trial was waived and trial was held to the court. On July 13, 1988, the trial court dismissed the fraud claim for insufficient evidence but entered judgment for the plaintiffs on the contract claim against the three defendants, jointly and severally, for the amount prayed for, $15,125 plus interest at ten percent from October 1, 1986.

Defendants-appellants, Theresa Manjas and Danilo Manjas, bring a timely appeal and allege the following assignments of error:

"The Trial Court erred in finding the Shelko property was purchased by a partnership consisting of Dolinar, Theresa Manjas and Danilo Manjas and erred in finding either or both Theresa Manjas and Danilo Manjas jointly and severally liable to Plaintiffs.

"The Trial Court erred in finding the Defendants Theresa and Danilo Manjas liable to Plaintiffs for breach of contract in the sum of $15,125.00 when the contract was already executed and established at the time that Theresa Manjas invested into the executory contract with Dolinar."

In the first assignment of error, appellants argue that the trial court erred in finding that the subject property was purchased by a partnership comprised of Dolinar, Theresa and Danilo Manjas and finding the Manjases jointly and severally liable.

Appellants argue that they did not enter into an agreement with the plaintiffs-appellees to purchase their property and furthermore, that no partnership existed between them and Dolinar to purchase the property. They argue that Dolinar entered into a contract with the plaintiffs-appellees to purchase their property prior to appellant, Theresa Manjas, signing the addendum to become an investor with Dolinar in developing the property and selling it for a profit. Again it should be noted that, in signing the addendum to the purchase agreement, Theresa Manjas did so as a buyer.

Appellants further argue that, at the time Dolinar executed the purchase agreement and agreed on the price, no partnership existed under law between appellants and Dolinar because mutual agency, a necessary element of partnership, did not exist; and, therefore, appellants reason that they cannot be held jointly and severally liable to the plaintiffs.

Appellants contend that appellant, Danilo Manjas, is not a signator of any of the documents and, therefore, he is not a party to any agreement.

Plaintiffs-appellees argue that appellants ratified the purchase agreement when appellant, Theresa Manjas, signed the addendum and when Danilo Manjas took one-fourth title to the property and later when the property was sold and the proceeds were divided amongst Dolinar and the appellants. These acts, plaintiffs-appellees argue, are a representation to the world that the parties are partners and, as partners, appellants are liable jointly and severally on the purchase agreement.

The trial court found that, if a contract existed between Dolinar and Plaintiffs-appellees on December 2, 1983, it only created an "option" to purchase the property, contingent on the acceptance by a suitable partner. the court explained that when appellant, Theresa Manjas, signed the addendum as a partner, the option contract was converted to the main contract for the purchase and sale of the property, and she became jointly and severally liable with Dolinar for the obligations under the contract.

Although the trial court's reasoning is faulty, its conclusion is correct. It is elementary that consideration is required for a valid option. Black's Law Dictionary (5 Ed. Rev. 1983) 567 defines "Option" as:

"A right which acts as a continuing offer, *given for consideration*, to purchase or lease property at an agreed upon price and terms, within a specified time. * * * An option to purchase or sell is not a contract to purchase or sell, as optionee has the right to accept or to reject the

offer, in accordance with its terms, and is not bound. * * *" (Emphasis added.)

There is no evidence in the record that any consideration was given by Dolinar to the plaintiffs-appellees which would give him any right to exercise an option. Thus, the addendum was not an option. It was a condition precedent to the existence of a contract between Dolinar and the plaintiffs-appellees; *i.e.,* before Dolinar's partner accepted the terms, no contract existed.

When appellant, Theresa Manjas, signed the addendum indicating her acceptance of the terms, the condition precedent was satisfied; and a contract was formed between the plaintiffs, the appellant, and her partner Dolinar. Accordingly, the trial court finding that Theresa Manjas was a party to the contract and, therefore, liable was correct.

Appellants sold the subject property to third persons and the proceeds of the sale were distributed in two checks, one to Mandol Properties and one to the three partners individually. It was stipulated that Dolinar, Theresa Manjas, and Danilo Manjas were partners in Mandol Properties, a partnership used for real estate transactions. Therefore, the trial court found that appellant, Danilo Manjas, became a partner with the other two partners at some point and thus was liable, but only to the extent of partnership property, pursuant to R.C. 1775.16, which limits the liability of a new partner for debt incurred before the admission to the partnership.

The trial court further found that appellants would be unjustly enriched if plaintiffs had no legal remedy against them. Citing *Ferguson* v. *Owens* (1984), 9 Ohio St. 3d 223, 226, and applying the maxim, "* * * equity regards done that which ought to be done * * *," the court imposed a constructive trust upon the appellants to the extent of the proceeds from the sale of the property received by appellants, as partners of Mandol Properties, and individually. The court imposed the constructive trust by operation of law because it found that there was inherent unfairness and unfair dealing in the transaction between appellants and defendant-appellee, Dolinar, who were experienced real estate brokers and investors, and the plaintiffs-appellees. This unfairness was not rectified by Dolinar's confession of judgment.

Based on the stipulations and evidence presented at trial, the trial court's judgment is supported by competent and credible evidence.

The evidence in the case *sub judice* is also clearly supportive of the trial court's imposition of a constructive trust upon the appellants as defined in Restatement of the Law 2d, Trusts (1959)1, Section 1(e), which states the following:

"* * * A constructive trust is a relationship with respect to the property subjecting the person by whom the title to the property is held to an equitable duty to convey it to another on the ground that his acquisition or retention of the property is wrongful and that he would be unjustly enriched if the were permitted to retain the property. * * * '* * * [A] constructive trust is imposed, not to effectuate intention, but to redress wrong or unjust enrichment.* * *' "

Appellants' first assignment of error is not well taken.

Therefore, consistent with the rationale and logic expressed in our analysis of the first assignment of error, appellant's second assignment of error is without merit.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., concurs.
FORD, J., dissents with dissenting opinion.

FORD, J.

I respectfully dissent from the opinion of the majority because I disagree with its application of R.C. 1775.16, the statute which limits the liability of an incoming partner for existing obligations.

R.C. 1775.16 states:

"A person admitted as a partner into *an existing partnership* is liable for all the obligations of the partnership arising before his admission as though he had been a partner when such obligations were incurred, except that this liability shall be satisfied only out of partnership property." (Emphasis added).

The facts of this case, as related by the majority, indicate that a purchase offer was executed by defendant-appellee Earl Dolinar, and accepted by appellees Gerald Shelko, Cecilia Shelko, and Geraldine Macala, which stated that Dolinar would purchase the appellees' property, subject to the agreement by his partner. Appellant, Theresa Manjas signed the addendum as one of the buyers (and, presumably, one of the partners), while appellant Danilo Manjas did not.

However, when appellees' Shelko, Shelko and Macala deeded the property, they did so in

the names of appellee Dolinar and both appellants. Further, when appellants and Dolinar sold the property, payment was made by two separate checks: one to the three buyers individually, and one to Mandol properties, a partnership.

This factual scenario presents two hypotheses for the examination of this transaction which were not considered by the majority. The first is that the partnership in question, Mandol properties, was formed *after* the execution of the purchase agreement. In this event, appellant Danilo Manjas would not be in the position of one who had joined an *existing* partnership; instead, he would simply be one-third of an entirely new partnership, created to purchase this property. In this scenario, appellant Danilo Manjas would be joint and severally liable for the entire partnership debt (subject to a right of subrogation by his fellow partners) and would not be able to claim any protection from R.C. 1775.16.

A second factual possibility is that Mandol properties did exist prior to the deeding over of the 1580 Grovewood Avenue property to appellee Dolinar and the appellants. In this event, R.C. 1775.16 would indeed protect appellant Danilo Manjas from the liability from partnership obligations, in excess of partnership property, which arose prior to his entrance into the partnership.

However, what the majority fails to address is that, apparently, Danilo Manjas was already a member of the Mandol properties partnership at the time of the deeding of the property. As the majority notes, "the property deed from the plaintiffs showed an undivided one-half interest in Dolinar, an undivided one-fourth interest in Danilo Manjas." While it is impossible to determine whether Danilo Manjas was a partner in Mandol properties (assuming it existed prior to the offer to purchase the Grovewood property) before this transaction, it would appear patent from the record that he was a partner in Mandol properties during the pendency of this transaction. As a result, he should still be found to be jointly and severally liable for the entire partnership debt.

Regardless of which of these scenarios is found more probable, this author finds that the result reached is identical: that Danilo Manjas is jointly and severally liable for the entire partnership debt. Consequently, I dissent.

Additionally, this author must express a certain amount of lexicography over the majority's treatment of the issue of appellant's second assignment. The majority states:

"Since the trial court's findings of joint and several liability based on the existence of a partnership were upheld in the first assignment of error, the second assignment of error is moot." Maj. at 9.

Black's Law Dictionary defines a case as 'moot' "* * * when a determination is sought on a matter, which, when rendered, cannot have any practical effect on the existing controversy." Black's Law Dictionary (5th Ed. 1979) 909. Examination of appellant's argument, presented in the second assignment, indicates that, if the argument had merit, it would be determinative of this case, irrespective of the majority's ruling on the first assignment.

Appellant's first assignment argues that the trial court erred in determining that the Shelko property was purchased by a partnership consisting of appellee Dolinar and appellants. The second assignment states that, even if a partnership existed between appellee Dolinar and the appellants, this partnership was created after the contracting for the purchase of the property. Consequently, appellants claim that they would be liable for less damages, under R.C. 1775.16, in the second assignment.

While it is true that the majority's explication of their rationale for determining the first assignment (as well as that set forth in this dissent) provides similar exegesis the determination of the second assignment of error, the more accurate designation of appellant's second assignment is that it is one without merit.

Consequently, for the reasons stated in this opinion, I dissent.